## THE SOCONY NO. 24.
## THE RUFUS T. GENT.
## THE GREYSTONE.

## STANDARD TRANSP. CO. v. NEW YORK TRAP ROCK CORPORATION et al.

### No. 12190.

District Court, E. D. New York.

June 3, 1931.

Supplemental Opinion June 11, 1931.

Frederick W. Park, of New York City, for claimant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Frederic Conger, of New York City, of counsel), for respondent impleaded.

BYERS, District Judge.

Motion on behalf of the respondent-impleaded for an order requiring the petitioner (namely, the claimant) to file an amended petition in the salvage suit herein, eliminating from its present pleading entitled "libel and petition" affirmative allegations of fault against Long Island Railroad Company for fire damage to its barges, which constitute a separate cause of action, and for such other and further relief, etc.

On June 28, 1930, at about 3:00 a. m., the libelant's tug Socony No. 24 rendered salvage service to the scows Rufus T. Gent and Greystone, moored at the Long Island Railroad Company's dock in Newtown Creek, in assisting in putting out a fire on the barge Gent and, when her mooring lines were burned, in towing her away from the pier which was afire, and making her fast alongside the fire boat, and in putting out the fire on the barge Greystone, and assisting in extinguishing the fire on the dock.

The owner of Socony No. 24 filed a libel against the scows for salvage services, and an answer on the part of the claimant, namely, the owner of the scows, apparently has been filed, and the cause is at issue on the calendar of this Court.

Under date of December 16, 1930, and after the said proceedings had been had, the claimant filed its petition and libel against the Long Island Railroad Company, the object of which is to implead that company in the salvage proceeding, and the petitioner prays that process may issue against the railroad company and that it may be cited to appear and answer the libel herein and also the libel and petition, and a decree is sought that,

if there is any salvage due the libelant, the railroad company is responsible therefor, and that it pay the same accordingly with interest and costs, and that the libel be dismissed as against the petitioner (the claimant), etc., and that the court will otherwise right and justice administer in the premises.

The said libel and petition, in addition to seeking to impose upon the railroad company liability for the salvage claimed, asserts damages to the scows, caused by the fire, in a sum in excess of $9,000.00, and a decree is sought to be obtained against the railroad company by reason thereof.

No answer to the libel and petition has been filed, although over four months had expired at the date of said motion, the notice of which indicates that it was made on April 27, 1931.

■ On the argument of the motion, it was asserted that there is no justification for the practice adopted by the petitioner (who is also the claimant), within the purview of Admiralty Rule 56.

It is thought that the case of Tice Towing Line v. Director General, 51 F.(2d) 243, 1925 A. M. C. 417,[1] is an authority for bringing in the respondent-impleaded under that rule. In that case, a libel was filed against the respondent for salvage services in the rescue of two barges with their cargoes, in the East River; the respondent brought in the Director General of Railroads, upon the theory that the negligent operation of the tug by his agents occasioned the necessity for the salvage services and the burden of loss should, therefore, fall upon him. The opinion states:

"But the Director General is not liable for salvage; he is only liable to indemnify the person whose property was salved for losses occasioned by the negligence of a tug which the government was then operating. This cause of action would not accrue until the primary liability was in some way established. The Statute of Limitations [asserted as a defense by the Director General] had therefore not run at the time the Director General was brought in under the Fifty-sixth Rule."

See, also, Evans v. New York & P. S. S. Co. (D. C.) 163 F. 405. In the latter case, reference is made to the suggestion that a third party may not be petitioned in, unless

[1] Opinion by Judge A. N. Hand quoted in full in opinion of Judge Woolsey in Tice Towing Line v. James McWilliams Blue Line (D. C.) 51 F.(2d) 243.

the cause against it is a maritime cause, but that suggestion is disposed of adversely.

Moreover, Smith v. Burnett, 173 U. S. 430, 19 S. Ct. 442, 43 L. Ed. 756, is a case in which a libel in an admiralty cause on the part of a vessel against a wharfinger was sustained, where the latter had been guilty of negligence and want of reasonable care toward the vessel moored at the wharf owned by the appellant.

Hustede v. Atlantic Refining Co. (D. C.) 68 F. 669, was an admiralty cause based upon a libel filed by the owner of a steamship against the wharfinger, the ship having been destroyed by fire occasioned by burning oil on the surface of the river, alleged to have proceeded from the wharf in question. The libel was dismissed on the merits, that is to say, the court found that the fire did not originate as alleged; by implication, therefore, if the libelant had been able to prove the facts which it alleged, its libel would have been sustained.

The latest phase of the litigation referred to in Tice Towing Line v. Director General, supra, is found in Tice Towing Line, libelant, v. James McWilliams Blue Line, respondent and petitioner, and Director General of Railroads, impleaded-respondent (D. C.) 51 F. (2d) 243, 1931 A. M. C., at page 805. The report of the special master appointed in the first case above cited was confirmed in part, and Judge Woolsey discusses the nature of the liability of the Director General by way of indemnity, and also the form of the decree to be entered.

In accordance with the views expressed in the cases referred to, it is thought that the practice adopted by the petitioner-libelant in this case is proper, and that the motion should be denied.

Settle order on notice.

Supplemental Opinion.

██ The opinion filed herein on the 3d inst. is deficient in failing to make specific reference to the reason why it is thought that no separate libel need be filed by the claimant in reference to the fire damage alleged in the pleading which was the subject of the motion.

The same facts which will determine the liability of the Long Island Railroad Company to indemnify the claimant against salvage will of necessity establish its responsibility or lack of it for the fire damage; therefore that issue need be tried but once, although the damages are composed of two elements.

██ It is thought that, if separate pleadings were deemed to be requisite in the interests of the respondent-impleaded, a motion to accomplish that purpose should have been made within a reasonable time after the pleading called "libel and petition" was filed, and no sufficient reason appears at this late date why the respondent-impleaded cannot present the issues which it desires to have litigated, by an appropriate pleading to be filed without further delay.

The foregoing is intended to supplement the opinion heretofore filed herein.